IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FILED
JAN 25 2012
CHRIS R. JOHNSON, CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO. 12-5014<br>) |
| v. | ) |
| OZARKS ELECTRIC COOPERATIVE CORPORATION, | ) <u>C O M P L A I N T</u><br>)<br>) JURY TRIAL DEMAND |
| Defendant. | )<br>) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Julia Solis who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8 and 11 below, Plaintiff Equal Employment Opportunity Commission alleges Defendant Ozarks Electric Cooperative Corporation denied Julia Solis a reasonable accommodation of her sincerely held religious beliefs and terminated her employment because of her religious beliefs in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Arkansas, Fayetteville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Ozarks Electric Cooperative Corporation (the "Employer"), has continuously been an Arkansas corporation doing business in the State of Arkansas and the City of Fayetteville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Julia Solis filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since on or about June 4, 2010, Defendant Employer engaged in unlawful employment practices at its Fayetteville, Arkansas facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

8. The unlawful employment practices include but are not limited to Defendant Employer's failure to reasonably accommodate Julia Solis because of her religion.

   a. Julia Solis is a member of the Jehovah's Witness faith.

b. As part of practicing her faith, Ms. Solis has a sincerely held religious belief that she must attend the Jehovah's Witness religious convention once each year.

c. The convention takes place during the summer months and Ms. Solis has attended every year.

d. On or around January 2010, Ms. Solis submitted a verbal request to her supervisor Debbie Hooser to take a day off to attend a Jehovah's Witness Convention.

e. Ms. Solis requested leave for one day to attend the religious convention that would occurr in Fort Smith, Arkansas in June 2010.

f. Defendant Employer refused to reasonably accommodate the religious beliefs of Ms. Solis by denying her request for one day leave to attend the religious convention.

g. Defendant Employer refused to grant Ms. Solis' request for leave because it said that it would not allow more than three people to take time off from work each day.

h. Defendant Employer has allowed more than three people to simultaneously take time off from work on other days and just worked with the employees present on those days.

i. Defendant Employer did not make any effort to reasonably accommodate Ms. Solis' request for one day of leave to attend the religious convention.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Julia Solis of equal employment opportunities and otherwise adversely affect her status as an employee, because of her religion.

10. Since on or about June 4, 2010, Defendant Employer engaged in unlawful employment practices at its Fayetteville, Arkansas facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

11. The unlawful employment practices also include terminating Julia Solis' employment because of her religion.

    a. The Commission repeats paragraphs 8a through i verbatim herein.

    b. Ms. Solis spoke with Debbie Hooser, Defendant Employer's Member Relations Representative Supervisor, about her request for one day of leave to attend her religious convention on or around June 3, 2010.

    c. Ms. Solis explained to Ms. Hooser the importance of her attendance at the religious convention.

    d. Ms. Hooser denied Ms. Solis' request for one day of leave to attend the religious convention.

    e. Ms. Hooser told Ms. Solis that Defendant Employer would dismiss her if she chose to attend the religious convention rather than report to work.

    f. On or about June 3, 2010, Ms. Solis then spoke with Paul Dougan, Defendant Employer's Vice-President of Member Relations and Marketing about her request for one day of leave to attend her religious convention on Friday, June 4, 2010.

    g. Ms. Solis explained to Mr. Dougan the importance of her attendance at the religious convention.

    h. Ms. Solis explained that because of her religion, she must attend the Convention.

    i. Mr. Dougan told Ms. Solis that she could not have the one day off, Friday, June 4, 2010 to attend her religious convention.

    j. He further stated that if she did not report to work on Friday, June 4, 2010, she should not report to work on Monday, June 7, 2010.

    k. Ms. Solis explained that she could not choose her job over her religious belief.

    l. Mr. Dougan instructed Ms. Solis to clean out her desk and leave.

    m. Ms. Solis removed some items from her desk and left.

    n. Ms. Solis chose to attend the religious convention on Friday, June 4, 2010.

    o. She reported to work on Monday, June 7, 2010.

    p. She pleaded with Mr. Dougan for her job.

    q. Again, Ms. Solis explained the importance of the convention and that she had attended the convention every year.

    r. Mr. Dougan told Ms. Solis that her religious convictions did not matter.

    s. He also told her that she no longer worked for Defendant Employer.

    t. Defendant Employer terminated Ms. Solis' employment because of her religious belief.

12. The effect of the practices complained of in paragraph 11 above has been to deprive Julia Solis of equal employment opportunities and otherwise adversely affect her status as an employee, because of her religion.

13. The unlawful employment practices complained of in paragraphs 8 and 11 above were intentional.

14. The unlawful employment practices complained of in paragraphs 8 and 11 above were done with malice or with reckless indifference to the federally protected rights of Julia Solis.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of religion under Title VII of the Civil Rights Act of 1964.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Julia Solis, by providing appropriate front pay and backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant Employer to make whole Julia Solis, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 and 11 above, including front pay, job search expenses, relocation expenses, and other appropriate expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Julia Solis by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8 and 11 above, including emotional pain, suffering, embarrassment, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Julia Solis punitive damages for its malicious and reckless conduct described in paragraphs 8 and 11 above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Faye A. Williams w/ permission mkf*
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730

*Joseph M. Crout w/ permission mkf*
JOSEPH M. CROUT
Supervisory Trial Attorney
TN Bar No. 012957

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN  38104
Telephone:   (901) 544-0088
             (901) 544-0136

*[signature]*
PAMELA B. DIXON
Senior Trial Attorney
AR Bar No. 95085

*[signature]*
MARKEISHA K. SAVAGE
Trial Attorney
AR Bar No. 2011288

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
820 Louisiana St., Ste. 200
Little Rock, AR 72201
Telephone:    (501) 324-5065
              (501) 324-6474

pamela.dixon@eeoc.gov
markeisha.savage@eeoc.gov